## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Maricela Ruiz | Case No. |
| Plaintiff | COMPLAINT |
| | **Judge:** |
| v. | **Magistrate:** |
| | July Demand Requested |
| Nationwide Credit and Collection, Inc. | |
| 815 Commerce Dr., Suite 270 | |
| Oak Brook, IL 60523-8852 | |
| Defendant | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## **INTRODUCTION**

1. Plaintiff, Maricela Ruiz, brings this action to secure redress from unlawful collection practices engaged in by Defendant, USCB America.. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

3. The Seventh Circuit Court of Appeals stated in *Muha* v. *Encore Receivables Mgmt.*, 558 F.3d 623, 629-30 (7th Cir. 2009), "that a debt collector that uses gratuitous and confusing language in an initial collection letter runs the risk of distracting the consumer away from her statutory rights to dispute the debt, and bears the burden of explaining why that language was used and justifying its inclusion."

4. the Seventh Circuit Court of Appeals stated in *Chuway v. Nat. Action*

*Services*, 362 F. 3d 944 (7th Cir. 2004) that the debt collector must state the correct amount of the debt on the date a letter is sent to a consumer.

5. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692f.

6. The Seventh Circuit Court of Appeals recently held in "[I]n sum, the meaning of Section 1692f(8) is clear: When a debt collector communicates with consumers through the mails, it may not sue any language or symbol on the envelope except for its business name or address, as long as the name does not indicate that he is in the debt collection business. *Preston v. Midland Credit Mgmt., Inc*. 948 F.3d 772 (7th Cir. 2020)

## JURISDICTION AND VENUE

7. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

8. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## STANDING AND INJURY

7. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

8. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

9. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

10. Furthermore, by exposing to third parties that Defendant is

collecting a delinquent debt from the Plaintiff, Plaintiff's reputation has been damaged or is at risk of being damaged.

## PARTIES

11. Plaintiff, Maricela Ruiz (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
12. Plaintiff is a resident of the State of Illinois.
13. Defendant, Nationwide Credit & Collection, Inc. ("Defendant"), is an California business entity with an address of 815 Commerce Drive, Suite 270, Oak Brook, IL 60523-8852 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
14. Unless otherwise stated herein, the term "Defendant" shall refer to Nationwide Credit and Collection, Inc..
15. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

16. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $482.72 (the "Debt") to an original creditor (the "Creditor")
17. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
18. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
19. On July 20, 2020, Defendant mailed Plaintiff an initial collection letter.  See Exhibit.
20. On or about July 25, 2020, Plaintiff received said letter.  See Exhibit.
21. Said letter states that the "Originating Creditor" is Northwestern

Medicine.  See Exhibit

22. Then said letter states "Amount Due" is $482.72.  See Exhibit

23. Next, said letter gives the required "Mini-Miranda" rights under 15 U.S.C. 1692g(a).

24. However, above what's stated in paragraph 22, said letter states "[Y]ou may have additional accounts placed for collection with our agency.  If you would like to discuss this matter with your account representative, we are available to assist you.  When calling regarding your account, please refer to Record ID: ….."  See Exhibit.

25. Said letter goes on to state that the "Amount Due" is $482.72, but than states that this "Amount Due" "[M]ay include other accounts not listed above."  See Exhibit

26. The two statements above, as described in paragraph 24 and 23 leave the Plaintiff totally confused as to whether $482.72 balance "may include other accounts not listed above" meant that there were no "additional accounts placed for collection."  See Exhibit

27. Said letter is further exacerbated by Defendant implying that $482.72 would not necessarily eliminate the debt if there are any "additional accounts" that Defendant is attempting to collect.

28. Furthermore, on the window of the envelope for said collection letter, it is clear to anyone looking at the envelope that the letter shows "Amount Due:"

29. Moreover, said envelope window also clearly shows the word "Guarantor."

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Defendants' conduct violated 15 U.S.C. Section 1692e communication by misleading Plaintiff as to the status of his debt.

32. The Defendant's conduct violated 15 U.S.C. Section 1692g by

confusing Plaintiff as to whether it was collecting the "total amount" or "additional accounts."

33. The Defendant's conduct violated 15 U.S.C. Section 1692f(8) by exposing contents of the letter for third parties to see that indicate this communication was for debt collection.

34. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff